UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MONIQUE DOTSON,

                     Plaintiff,

v.                                                    6:21-CV-0763
                                                          (MAD/ATB)

DINA KULIESIUS, et al.,

                     Defendants.

MONIQUE DOTSON, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Monique Dotson. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis (Dkt. No. 2), and to obtain an ECF login and password. (Dkt. No. 4).

**I.**    **IFP Application**

Plaintiff declares in her IFP application that she is unable to pay the filing fee. (Dkt. No. 2). After reviewing her application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915


(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

Attached to plaintiff's handwritten complaint is a copy of a New York State Department of Health ("DOH") Complaint Form, also prepared by plaintiff. (Compl. at

5-10). Using both plaintiff's federal complaint and the DOH form, this court will set forth the relevant facts as plead by plaintiff.

On May 21, 2021, plaintiff presented to Slocum Dixon Urgent Care and reported that she was sexually assaulted. (Compl. at 2). The providers there informed plaintiff that the urgent care center was not "set up" for "that kind of" testing or examination, and that plaintiff would have to seek treatment at St. Luke's Hospital. (*Id.*). Plaintiff was subsequently taken to St. Luke's Hospital ("St. Luke's") emergency room. (*Id.*).

At St. Luke's, plaintiff complained about vaginal pain to nurse practitioner (NP) Dina Kuliesius. (*Id.* at 3). Plaintiff also reported that she was not sexually active. (*Id.*). As part of her examination of plaintiff, NP Kuliesius ordered a blood test, pelvic ultrasound, and vaginal culture. (*Id.* at 9). At one point, plaintiff questioned why she was in a regular examination room, and not a "room for . . . GYN examination[s]" relative to incidents of sexual abuse. (*Id.* at 3, 9). NP Kuliesius replied that "there was [no] GYN examination room in the E.R.," and if plaintiff wanted an examination it would take place in the room she was in. (*Id.* at 9).

Plaintiff "agree[d] to have [an] exam." (*Id.* at 3, 9). Both NP Kuliesius and Nurse Elizabeth were in the examination room. Plaintiff undressed and got onto the examination bed. (*Id.* at 9). One of the two providers[1] showed plaintiff the speculum that she would be using for the examination. (*Id.*). During the examination, the

---

[1] It is difficult to discern whether NP Kuliesius or Nurse Elizabeth performed the actual examination, as plaintiff only refers to this individual as "she" in the relevant portions of her complaint and DOH form. Plaintiff also refers to an unidentified "PA," or physician's assistant, in her DOH form, presumably referring to NP Kuliesius.
 Moreover, plaintiff fails to identify, much less discuss the relevant conduct of, defendants Temitore Margaret Dube or Adam P. Fenton in the body of her complaint or DOH form.

3

speculum became stuck inside of plaintiff, and when either NP Kuliesius or Nurse Elizabeth attempted to pull it out she "stab[bed] the speculum into [plaintiff's] vulv[a]."

Plaintiff seeks four million dollars in damages for the alleged "misconduct" and "abusive GYN exam," including the failure to place plaintiff in a specific GYN examination room and for causing injury with the speculum during the examination.

### III. Section 1983

#### A. Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state

4

provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

### B.   Application

Plaintiff is suing St. Luke's Hospital, what appears to be a private medical institution.  She alleges no facts suggesting that the hospital is a state actor under any of the aforementioned exceptions, or describing how St. Luke's actions are otherwise "fairly attributable to the state."  Likewise, the medical personnel at St. Luke's named as individual defendants in this action are also private actors.  Because plaintiff has failed to plausibly allege that any of the named defendants acted under color of state law, the complaint fails to state any claims for relief under § 1983.  *See White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals . . . named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law.").  Accordingly, the district court should dismiss plaintiff's claims alleged pursuant to § 1983.

**IV.   Subject Matter Jurisdiction - Diversity Jurisdiction**

    **A.   Legal Standard**

Federal courts exercise limited jurisdiction pursuant to Article III of the Constitution. A court may exert subject matter jurisdiction over claims in which: (1) there is a federal question in that a colorable claim arises under the Constitution, laws or treaties of the United States, and/or if (2) there is complete diversity of citizenship between each plaintiff and all defendants and a minimum of $75,000 in controversy. 28 U.S.C. §§ 1331, 1332.  In the absence of a basis for exercising jurisdiction, the case must be dismissed. See Fed. R. Civ. P. 12(h)(3).

    **B.   Application**

As previously discussed, the court recommends dismissing the federal claims raised in the complaint, namely plaintiff's alleged § 1983 causes of action.  To the extent that plaintiff's complaint attempts to allege any claims outside the court's federal question jurisdiction, such as a state law claim for medical malpractice, diversity jurisdiction would be required.[2]  In this case, however, there is no indication that the parties are diverse: plaintiff alleges that both she and the defendants maintain addresses in Utica, NY.  (Compl. at 1-2).  She makes no further allegations regarding citizenship. Accordingly, plaintiff has failed to invoke this court's diversity jurisdiction.  *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted).

---

[2] This is assuming that plaintiff had sufficiently plead such a state law claim, a question the court need not reach at this juncture.

Because plaintiff has failed to state any claims for relief invoking either the court's federal question jurisdiction or diversity jurisdiction, dismissal is warranted for lack of subject matter jurisdiction.

## V.     Opportunity to Amend

### A.     Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.     Application

The court is recommending dismissal of this action for lack of subject matter jurisdiction. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018). This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in her complaint. As there appears no basis for plaintiff to raise her claim against St. Luke's or its medical staff in federal court, the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the

court recommends dismissal without leave to amend.

## VI.     Motion to Obtain ECF Login and Password

In light of the recommended disposition of this case, plaintiff's motion to obtain an ECF login and password is denied. "Because this court is recommending dismissal at this time, the court will deny plaintiff's motion to obtain ECF privileges without prejudice." *Amato v. McGinty*, No. 17-CV-0593(MAD/ATB), 2017 WL 9487185, at *11 (N.D.N.Y. June 6, 2017), *report and recommendation adopted*, 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017); *see also Mahmood v. United States Gov't*, No. 20-CV-0207 (MAD/DJS), 2020 WL 3965125, at *3 (N.D.N.Y. Mar. 17, 2020), *report and recommendation adopted*, 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that plaintiff's motion to obtain an ECF login and password (Dkt. No. 4) is **DENIED**, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO**

**THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 14, 2021

Andrew T. Baxter
U.S. Magistrate Judge