UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MONIQUE DOTSON,

                                **Plaintiff,**

   vs.                                                           6:21-CV-763
                                                                            (MAD/ATB)

**DINA KULIESIUS, N.P.; R.N. ELIZABETH;
TEMITORE MARGARET DUBE, D.O.; DR.
ADAM P. FENTON; and ST. LUKE'S CAMPUS –
FSLH EMERGENCY ROOM,**

                                **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**MONIQUE DOTSON**
2 Kennedy Plaza Tower Apartments
Apt. 703
Utica, New York 13502
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       Plaintiff commenced this action on July 6, 2021, pursuant to 42 U.S.C. § 1983, claiming that her rights were violated during a visit to the emergency room on May 21, 2021. *See* Dkt. No. 1. In an Order and Report-Recommendation dated July 14, 2021, Magistrate Judge Baxter performed an initial review of the complaint and recommended that the Court dismiss without prejudice the claims against Defendants because Defendants are not state actors. *See* Dkt. No. 6 at 5. Regarding any other non-federal claims that Plaintiff may be attempting to assert, Magistrate Judge Baxter recommended that those claims be dismissed for lack of subject matter jurisdiction. *Id.* at 6.

Plaintiff filed two objections to the Order and Report-Recommendation, on August 11, 2021 and August 12, 2021, respectively. *See* Dkt. Nos. 9, 11. In her objections, Plaintiff merely provides the Court with additional facts relating to her claims but fails to address the deficiencies identified in the Order and Report-Recommendation. Additionally, on August 11, 2021, Plaintiff filed a motion "[r]equesting a court order for a forensic testing." Dkt. No. 10 at 1.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In her objections to the Order and Report-Recommendation, Plaintiff fails to address the deficiencies identified by Magistrate Judge Baxter. *See* Dkt. Nos. 9, 11. Neither objection offers any explanation as to how a private hospital and its employees were acting "under the color of" state law, which is a prerequisite to hold Defendants liable under 42 U.S.C. § 1983. Like Magistrate Judge Baxter, the Court sees no plausible basis for the named Defendants to be considered state actors, as required by Section 1983. Accordingly, that claim must be dismissed. Since Plaintiff cannot cure this defect by better pleading, dismissal without prejudice, but without an opportunity to amend, is appropriate. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, because the

Court is dismissing this action, Plaintiff's motion for forensic testing is denied as moot.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge